**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 1:05cr00529-002** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE: JAMES S. GWIN** |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| **IVAN PERCY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

      This matter was heard on September 1, 2011, upon the request of the United States Pretrial and Probation Office for a finding that defendant violated the conditions of his supervised release.  The defendant was present and represented by Attorney Edward Bryan.

      The violation report was referred to United States Magistrate Judge George J. Limbert to conduct appropriate proceedings and for the issuance of a Report and Recommendation which was filed on August 16, 2011.  No objections were filed by either plaintiff or defendant.

      The Report and Recommendation noted that defendant knowingly and voluntarily waived his right to a hearing and admitted to the new law violation and the disposition of said violation.  The government moved to withdraw the remaining violations.  Pursuant to the parties' recommendation defendant's supervised release was continued pending sentencing.

      This Court adopted the Report and Recommendation and found that the following terms of supervision had been violated::

      1) new law violation (plea of guilty to Possession or Trafficking

Counterfeit Controlled Substances).

The Court considered statements from counsel as well as the supervising officer and briefly recessed to have defendant submit to an instant substance abuse test which returned a negative result.

The Court ordered that defendant's supervised release be continued with the additional condition of location monitoring as follows:

> The defendant shall participate in the Location Monitoring Program for a period of 6 months, to commence no later than 30 calendar days from sentencing. The defendant shall be required to remain in his/her residence unless given permission in advance by the probation officer to be elsewhere. The defendant may leave his/her residence to work and receive medical treatment and to attend religious services. The defendant shall consent to be monitored by the form of location monitoring indicated below and shall abide by all of the requirements established by the pretrial services and probation office related to the use of this location monitoring technology; and submit to random drug/alcohol tests as specified by the pretrial services and probation officer. The defendant may participate in the Discretionary Leave under terms set by the pretrial services and probation officer. The participant shall pay the costs of participation in the location monitoring program, based on their ability to pay as directed by the pretrial services and probation officer.

■ Location monitoring technology at the discretion of the officer

The Court further imposed the conditions that defendant submit to a twice per week in person urine or blood sample drop for substance abuse testing for a period of 6 months and that he continue verifiable employment.

IT IS SO ORDERED.


Dated: September 3, 2011                         *s/    James S. Gwin*
                                                 JAMES S. GWIN
                                                 UNITED STATES DISTRICT JUDGE